**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JUSTIN LARSON,            *

                             *

                             *       Criminal Action No. 16-cr-125-PX

     v.                   *       Civil Action No. 20-cv-319-PX

                             *

UNITED STATES OF AMERICA.    *

                             *

                             *

                           ***

## <u>MEMORANDUM OPINION</u>

Pending before the Court is Petitioner Justin Larson's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  ECF Nos. 151 & 152.[1]  The issues are fully briefed, and no hearing is necessary.  *See* Loc. R. 105.6.  For the following reasons, the motion is DENIED.

### I.      Background

On August 3, 2016, Petitioner Justin Larson was charged in a Superseding Indictment with one count of conspiracy to distribute acetyl fentanyl, a controlled substance analogue, in violation of 21 U.S.C. § 846 (Count One); two counts of distribution of acetyl fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two and Eight); three counts of possession of acetyl fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Counts Three, Five, Six); one count of attempted possession of acetyl fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Four); one count of possession of acetyl fentanyl with intent to distribute and distribution of acetyl fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count Seven); and one count of possession of furanyl fentanyl, a controlled substance analogue, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Nine). ECF No. 16.  The Government also noticed its intent to seek a mandatory life sentence for

---

[1] The filing docketed as the "motion to vacate," at ECF No. 151, is actually a motion for extension of time to file the motion to vacate, whereas the substantive motion was docketed as a "supplement" at ECF No. 152.

Counts Two and Eight pursuant to 21 U.S.C. § 841(a).  ECF No. 19.  Larson was arraigned on August 9, 2016, at which time he entered a not-guilty plea to all counts.  ECF No. 20.

Trial began on January 3, 2017, and it lasted 12 days.  ECF Nos. 63–74.  During trial, Larson stipulated that, as to the victim whose death is the subject of Count Two, the cause of death was acetyl fentanyl intoxication.  ECF No. 158-1.  Larson did not similarly stipulate as to the victim whose death is the subject of Count Eight.  At the conclusion of trial, the jury convicted Larson on all counts except Count Eight, on which the jury could not reach a unanimous verdict.  ECF No. 86.  On July 10, 2017, the Court sentenced Larson to a term of life imprisonment for Count Two and thirty years' imprisonment as to the remaining counts, to run concurrently with Count Two.  ECF No. 109.

Larson appealed his conviction to the Fourth Circuit, arguing that the Court erred by admitting certain expert opinion testimony at trial; that the Controlled Substance Analogue Enforcement Act of 1986 is unconstitutionally vague; and that the Government failed to introduce sufficient evidence to support his conviction for Count Nine.  ECF No. 142-1.  The Fourth Circuit affirmed the conviction on September 4, 2018.  *Id.*

On March 10, 2020, Larson filed his *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  ECF No. 152.  In it, Larson argues that his trial and appellate counsel had rendered ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  *Id.*  Larson also maintains that other trial and sentencing errors amount to a violation of his Fifth Amendment right to due process of law.  *Id.*  The Government responded, ECF No. 158, and the matter is now ripe for review.  For the following reasons, the motion is denied and certificate of appealability shall not issue.

## II.     Standard of Review

To be eligible for relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ."  28 U.S.C. § 2255(a).  The petitioner bears the burden of proving his entitlement to relief by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation."  *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

## III.    Analysis

### A.  Ineffective Assistance of Counsel

Larson first asserts that his counsel provided ineffective assistance.  ECF No. 152 at 7.  A claim of ineffective assistance of counsel may be asserted for the first time in a § 2255 motion.  *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991).  To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that the petitioner suffered actual prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A strong presumption exists that counsel's performance fell within a wide range of reasonably professional conduct; accordingly, courts remain highly deferential in scrutinizing counsel's performance.  *Id.* at 689.  Moreover, when no prejudice results from the claimed errors of counsel, the Court need not reach whether the attorney's performance was deficient.  *Id.* at 697.  A petitioner establishes prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

In conclusory fashion, Larson asserts that trial counsel "failed to disclose [to him] or misinterpreted material facts" about the case, but he does not identify what those facts are.  ECF No. 152 at 7.  Nor does he provide any evidence to support his assertion that trial and appellate counsel "provided [him] little or no guidance."  *Id.*  Similarly, Larson has no basis to claim that he was "coerced" into signing the stipulation related to Count Two.  And he provides no evidence that the stipulation was false or otherwise prejudiced him.  *Id.*; *see also McDaniel v. United States*, No. 09-366, 2011 WL 940505, at *4 (W.D.N.C. Mar. 15, 2011) (rejecting ineffective assistance claim based on stipulations where petitioner failed to "challenge the veracity of the stipulations or argue that they were misleading, confusing, or unfairly prejudicial").  Similar empty allegations that trial counsel failed to object during trial and neglected to present mitigating evidence are unsupported.  ECF No. 152 at 7.  In fact, trial counsel did object during trial, including to certain jury instructions, and presented arguments favorable to Larson's position at trial and sentencing.  *See* ECF Nos. 57 at 53, 58, 67; 101; 158-3.  Thus, Larson provides no basis for this Court to find that his counsel's performance was objectively deficient or that he suffered any prejudice as a result.  *See Dyess*, 730 F.3d at 359 ("Vague and conclusory allegations" are insufficient to warrant relief under Section 2255.); *Jones v. United States*, No. DKC-09-2922, 2013 WL 1105001, at *2 (D. Md. Mar. 15, 2013) (rejecting ineffective assistance of counsel claim based only on "conclusory allegations regarding his counsel's ineffectiveness").  Larson's ineffectiveness claim is denied.

### B.  Due Process Violations

Larson next contends that collective errors at trial violated his due process rights.  ECF No. 152 at 7.  He contends that the prosecution failed to disclose evidence favorable to him and made improper and prejudicial statements during trial; that erroneous and prejudicial jury

instructions misled the jury; and that the Court abused its discretion in certain rulings. *Id.* The claims, however, are procedurally barred.

It is well-established that a petitioner procedurally defaults on a claim by failing to raise the claim on direct appeal. *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). A claim may only be considered for the first time in a § 2255 motion if the petitioner shows "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence by clear and convincing evidence." *Id.* Cause for a procedural default "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493; *see also Turner v. Jabe*, 58 F.3d 924, 927–28 (4th Cir. 1995) (intervening change in law could provide cause for a § 2255 claim). To establish prejudice, the petitioner must show that the error worked to his "actual and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Larson fails to show cause for raising his due process claims for the first time at the § 2255 stage. He identifies no changes in law and cannot fault his counsel. Nor has he demonstrated any prejudice or actual innocence, as necessary to excuse the default. In short, Larson's mere conclusory assertions of error do not suffice.

Larson's motion to vacate must be denied.

### IV.    Certificate of Appealability

Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255 requires this Court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order, *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. §

2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Larson does not satisfy this standard.  Accordingly, a certificate of appealability will not issue.  Larson, of course, may request that the Fourth Circuit issue such a certificate.

## V.    Conclusion

For the foregoing reasons, Larson's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied.[2]  A separate Order follows.

9/18/2023
Date

/S/
Paula Xinis
United States District Judge

---

[2] The Court denies as moot Larson's motion for extension of time to file a supplement to his § 2255 motion at ECF No. 153, as it had already granted Larson several months of extensions to file his original motion.  *See* ECF No. 150. The Court also grants the Government's motion to seal two exhibits to its response.  ECF No. 159.